UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br>v.<br><br>DR. ROLAND F. CHALIFOUX, JR.<br><br>                                    Defendant. | Criminal No. 5:17-CR-20<br><br>Violations:   18 U.S.C. § 2<br>                     18 U.S.C. § 1341<br>                     18 U.S.C. § 1343<br>                     18 U.S.C. § 1347 |

# INDICTMENT

The Grand Jury charges that:

At all times relevant to this Indictment:

INTRODUCTION

1. The defendant **DR. ROLAND F. CHALIFOUX, JR.** was a doctor of osteopathic medicine and was licensed to practice medicine in the state of West Virginia.

2. From at least 2008 to the present, defendant **DR. ROLAND F. CHALIFOUX, JR.** owned and operated a medical practice, first in Wheeling and then later in McMechen, West Virginia.

3. Defendant **DR. ROLAND F. CHALIFOUX, JR.** was assisted by individuals known and unknown to the Grand jury in the day-to-day operation of his medical practice, including the preparation of claims for reimbursement and submission of such claims to both public and private insurance companies.

4. Enrolled providers, such as defendant **DR. ROLAND F. CHALIFOUX, JR.**, were eligible for reimbursement for covered medical services from these insurance companies,

so long as the provider abided by the rules, regulations, policies and procedures governing reimbursement.

5. Enrolled providers sought payment through the submission of paper claims or an electronic equivalent and were reimbursed for services provided to the patient beneficiaries with payments mailed or wired to the providers.

6. The information on the claims included a code or codes identifying the type and level of medical care provided.

7. The insurance providers utilized a national correct coding practice for payment of claims that relied on the American Medical Association ("AMA") Physicians' Current Procedural Terminology ("CPT") system, which was published in a manual commonly referred to as the CPT Manual. The CPT Manual includes a listing of descriptive terms and identifying codes for reporting medical services and procedures performed by physicians.

8. The CPT Manual included a series of codes for evaluation and management ("E/M") services, which included codes for office visit services.

9. With respect to E/M services ("office visits"), the CPT Manual contained codes for both new and established patients and for varying levels of service. The CPT Manual defined office visit codes by three key components. These three components were history, examination and medical decision making. The office visit codes in the CPT Manual also indicated how much time a physician typically spent in face-to-face contact with a patient and/or family members for each level of service. The physician CPT codes for office visits relevant to this Indictment are 99213 and 99214.

10. The level of service covered by CPT code 99213 included an expanded problem focused history, expanded problem focused examination, medical decision making of low

complexity, presenting problems of low to moderate severity and approximately fifteen minutes of face-to-face time between the patient and/or family and defendant **DR. ROLAND F. CHALIFOUX, JR.**

11. The level of service covered by CPT code 99214 included a detailed history, a detailed examination, medical decision making of moderate complexity, presenting problems of moderate to high severity and typically twenty-five minutes of face-to-face time between the patient and/or family and defendant **DR. ROLAND F. CHALIFOUX, JR.**

12. Both CPT codes 99213 and 99214 require face-to-face visits between the doctor and the patient.

13. During the relevant time covered by this Indictment, defendant **DR. ROLAND F. CHALIFOUX, JR.**, submitted and caused to be submitted to health care benefit programs materially false claims for reimbursement for CPT codes 99213 and 99214, because he did not see the patient at all.

## COUNTS ONE THROUGH ELEVEN

(Health care fraud for travel dates)

14. Paragraphs 1 through 13 of the Introduction are re-alleged and incorporated as though fully set forth herein.

15. From in or about 2008, to in or about 2015, in Marshall County, in the Northern District of West Virginia, and elsewhere the defendant **DR. ROLAND F. CHALIFOUX, JR.** knowingly and willfully executed and attempted to execute a scheme and artifice to defraud health care benefit programs and to obtain, by means of materially false and fraudulent pretenses, representations and promises money owned by and under the custody and

control of health care benefit programs in connection with the delivery of and payment for health care benefits items and services.

16. On or about the dates set forth below, each such date constituting a separate count of this Indictment, in the Northern District of West Virginia and elsewhere, the defendant **DR. ROLAND F. CHALIFOUX, JR.**, did knowingly and willfully execute and attempt to execute the above-described scheme to defraud health care benefit programs in connection with the delivery of and payment for health care benefits, items and services by causing health care benefit programs to transmit health care benefit program funds to him in the approximate amounts set forth below, which funds included payments for materially false CPT 99213 and 99214 billing codes relating to patients the defendant **DR. ROLAND F. CHALIFOUX, JR.**, did not see at all, but for whom the defendant **DR. ROLAND F. CHALIFOUX, JR.** billed and caused to be billed for face-to-face doctor-patient visits, in violation of Title 18, United States Code, Section 1347.

| COUNT | DATE | CLAIM NUMBER | PATIENT'S NAME | AMOUNT PAID |
|---|---|---|---|---|
| 1 | 1/11/2012 | XX8611 | H.R. | $48.39 |
| 2 | 1/12/2012 | XX8604 | M.H. | $68.09 |
| 3 | 3/13/2012 | XX7207 | M.H. | $68.09 |
| 4 | 3/13/2012 | XX7203 | H.R. | $48.39 |
| 5 | 3/13/2012 | XX3535 | D.G. | $48.40 |
| 6 | 3/13/2012 | XX3568 | M.G. | $48.40 |
| 7 | 3/15/2012 | XX7208 | K.B. | $48.39 |
| 8 | 3/15/2012 | XX7201 | P.F. | $32.40 |
| 9 | 3/15/2012 | XX7199 | B.M. | $48.39 |
| 10 | 3/15/2012 | XX3010 | B.S. | $74.25 |
| 11 | 3/15/2012 | XX3441 | J.K. | $48.40 |

## COUNTS TWELVE THROUGH EIGHTEEN

(Mail fraud)

17. Paragraphs 1 through 13 of the Introduction are re-alleged and incorporated as though fully set forth herein.

18. From in or about 2008, to in or about 2015, in Marshall County, in the Northern District of West Virginia, and elsewhere the defendant **DR. ROLAND F. CHALIFOUX, JR.**, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money by means of materially false and fraudulent pretenses, representations, and promises, that is, materially false and fraudulent CPT 99213 and 99214 billing codes, for the purpose of executing such scheme and artifice and attempting so to do, knowingly caused to be delivered by mail according to the direction thereon, a matter and thing, that is, payments for materially false and fraudulent CPT 99213 billing codes, each mailed on or about the dates set forth below by a health care benefit program from St. Clairsville, Ohio, to defendant **DR. ROLAND F. CHALIFOUX, JR.'s** office in McMechen, West Virginia, with each such mailing in the chart below constituting a separate count of this Indictment in violation of Title 18, United States Code, Section 1341.

| COUNT | DATE | CLAIM NUMBER | PATIENT'S NAME | AMOUNT PAID |
|---|---|---|---|---|
| 12 | 2/24/2012 | XX8604 | M.H. | $68.09 |
| 13 | 3/7/2012 | XX8611 | H.R. | $48.39 |
| 14 | 4/20/2012 | XX7207 | M.H. | $68.09 |
| 15 | 4/25/2012 | XX7203 | H.R. | $48.39 |
| 16 | 4/25/2012 | XX7208 | K.B. | $48.39 |
| 17 | 4/25/2012 | XX7201 | P.F. | $32.40 |
| 18 | 4/25/2012 | XX7199 | B.M. | $48.39 |

**COUNTS NINETEEN THROUGH TWENTY-TWO**

(Wire fraud)

19. Paragraphs 1 through 13 of the Introduction are re-alleged and incorporated as though fully set forth herein.

20. From in or about 2008, to in or about 2015, in Marshall County, in the Northern District of West Virginia, and elsewhere the defendant **DR. ROLAND F. CHALIFOUX, JR.,** having devised and intending to devise a scheme and artifice to defraud, and for obtaining money by means of materially false and fraudulent pretenses, representations, and promises, that is, materially false and fraudulent CPT 99213 and 99214 billing codes, for the purpose of executing such scheme and artifice and attempting so to do, knowingly caused to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds, that is, payments for materially false and fraudulent CPT 99213 and 99214 billing codes, each wired on or about the dates set forth below by a health care benefit program from outside the state of West Virginia to Wheeling, West Virginia, with each such wiring in the chart below constituting a separate count of this Indictment in violation of Title 18, United States Code, Section 1343.

| COUNT | DATE | CLAIM NUMBER | PATIENT'S NAME | AMOUNT PAID |
|---|---|---|---|---|
| 19 | 4/4/2012 | XX3010 | B.S. | $74.25 |
| 20 | 4/11/2012 | XX3535 | D.G. | $48.40 |
| 21 | 4/11/2012 | XX3568 | M.G. | $48.40 |
| 22 | 4/11/2012 | XX3441 | J.K. | $48.40 |

## COUNTS TWENTY-THREE THROUGH TWENTY-SIX

(Health care fraud for dates the defendant was at Wetzel County Hospital)

21. Paragraphs 1 through 13 of the Introduction are re-alleged and incorporated as though fully set forth herein.

22. From in or about 2008, to in or about 2015, in Marshall County, in the Northern District of West Virginia, and elsewhere the defendant **DR. ROLAND F. CHALIFOUX, JR.** knowingly and willfully executed and attempted to execute a scheme and artifice to defraud health care benefit programs and to obtain, by means of materially false and fraudulent pretenses, representations and promises money owned by and under the custody and control of health care benefit programs in connection with the delivery of and payment for health care benefits items and services.

23. On or about the dates set forth below, each such date constituting a separate count of this Indictment, in the Northern District of West Virginia and elsewhere, the defendant **DR. ROLAND F. CHALIFOUX, JR.**, did knowingly and willfully execute and attempt to execute the above-described scheme to defraud health care benefit programs in connection with the delivery of and payment for health care benefits, items and services by causing health care benefit programs to transmit health care benefit program funds to him in the approximate amounts set forth below, which funds included payments for materially false CPT 99213 and 99214 billing codes relating to patients the defendant **DR. ROLAND F. CHALIFOUX, JR.**, did not see at all, but for whom the defendant **DR. ROLAND F. CHALIFOUX, JR.** billed and caused to be billed for face-to-face doctor-patient visits, in violation of Title 18, United States Code, Section 1347.

| COUNT | DATE | CLAIM NUMBER | PATIENT'S NAME | AMOUNT PAID |
|---|---|---|---|---|
| 23 | 10/20/11 | XX8479 | T.A. | $47.41 |
| 24 | 8/2/12 | XX0473 | J.M. | $56.33 |
| 25 | 2/16/12 | XX1161 | B.S. | $112.31 |
| 26 | 9/6/12 | XX0479 | A.C. | $81.33 |

## FORFEITURE ALLEGATION

*Health Care Fraud*
*Mail Fraud*
*Wire Fraud*

1. Pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 1956(c)(7)(A), 1961, and 982(a)(7), Title 28, United States Code, Section 2461, and Title 21, United States Code, Section 853, the government will seek the forfeiture of property as part of the sentence imposed in this case; that is, the forfeiture of any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to a violation of Title 18, United States Code, Section 1347, or a conspiracy to violate such offense, and any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1341 or 1343, or a conspiracy to violate such offense, including, but not limited to, a money judgment in the amount of at least $291,051.

2. Pursuant to Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c), the government will seek forfeiture of substitute property up to the value of property subject to direct forfeiture that is not available for forfeiture on account of any act or omission contemplated by Title 21, United States Code, Section 853(p)(1).

A True Bill:

/s/_____
Grand Jury Foreperson

BETSY STEINFELD JIVIDEN
Acting United States Attorney

ROBERT H. MCWILLIAMS, JR.
Assistant United States Attorney

9